```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


ALLEN D. SOVERNS, SR.,              )
                                    )
              Plaintiff,            )
                                    )   CIVIL ACTION
v.                                  )
                                    )   No. 06-4035-RDR–JTR
                                    )
MICHAEL J. ASTRUE,¹                 )
Commissioner of Social Security,    )
                                    )
              Defendant.            )
_____)
```

**REPORT AND RECOMMENDATION**

Plaintiff seeks review of a final decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits and supplemental security income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).  The matter has been referred to this court for a report and recommendation.  The court recommends the Commissioner's decision be REVERSED and JUDGMENT be entered REMANDING the case for further proceedings.

---

[1]On Feb. 12, 2007, Michael J. Astrue was sworn in as Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.   Background**

Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income (SSI) were denied initially and upon reconsideration. (R. 21, 34, 38, 542, 543). Plaintiff requested, and a hearing at which plaintiff was represented by counsel was held before an Administrative Law Judge (ALJ) on Nov. 4, 2004. (R. 21, 62-63, 630-61). Plaintiff appeared and testified at the hearing. (R. 21, 631, 636-60). At the hearing, plaintiff amended his alleged disability onset date to Sept. 11, 2000. (R. 21, 644). He alleged he was disabled by a combination of physical and mental impairments. (R. 633).

The ALJ determined plaintiff has impairments consisting of obesity, degenerative joint disease of the right knee, diabetes mellitus, degenerative disc disease of the lumbar spine, carpal tunnel syndrome of the left wrist, and depression, the combination of which are severe but which do not meet or equal the severity of any impairment in the Listing of Impairments. (R. 31). The ALJ determined plaintiff's allegations are only partly credible and that he has the residual functional capacity (RFC) for a range of sedentary work. (R. 31). Therefore, the ALJ found plaintiff is able to perform "his past work as a security guard, both as he performed it, and as customarily performed in the national economy." (R. 31). Alternatively, he evaluated plaintiff's RFC, age, education, and work experience,

and found plaintiff is able to perform other work existing in significant numbers in the national economy. (R. 32). Therefore, he determined plaintiff is "not disabled" within the meaning of the Act, and denied his applications. (R. 32).

Plaintiff requested review of the ALJ's decision and submitted additional medical evidence to the Appeals Council. (R. 16-17, 552-629). The additional evidence was received and made a part of the administrative record by the Council. (R. 11). The Appeals Council considered the new evidence but denied plaintiff's request for review. (R. 7-10). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 7); Threet v. Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003). Plaintiff now seeks judicial review.

**II.  Legal Standard**

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, it is such evidence as a reasonable mind might accept to support the conclusion. Gossett v. Bowen, 862 F.2d

802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [it's] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 800 (10th Cir. 1991)). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d); see also, Barnhart v. Walton, 535 U.S. 212, 217-22 (2002)(both impairment and inability to work must last twelve months). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.; 20 C.F.R. §§ 404.1520, 416.920 (2004).

The Commissioner has established a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Allen v. Barnhart, 357 F.3d 1140, 1142

(10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51.  If claimant's impairments do not meet or equal the severity of a listed impairment, the Commissioner assesses claimant's RFC.  20 C.F.R. §§ 404.1520, 416.920.  This assessment is used at both step four and step five of the process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five, whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy.  Williams, 844 F.2d at 751.  In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show other jobs in the economy within plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

-5-

Plaintiff claims two errors in the ALJ's decision. He claims the new evidence presented to the Appeals Council establishes that his condition meets Listing 12.05(C) and the ALJ failed in his duty to develop the record regarding that listing; and he claims the ALJ erred in evaluating step four of the sequential process and finding that plaintiff is able to perform his past relevant work as a security guard. The Commissioner argues that any error in the step four determination is rendered harmless by the ALJ's further application of the sequential process and his step five finding that plaintiff is capable of other work in the economy. He argues there is no error in the step three determination because plaintiff does not present evidence that he has significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested before age twenty-two (Comm'r Br., 8), because the Appeals Council "considered the newly submitted evidence but determined that the evidence did not provide a basis for changing the ALJ's decision" (Comm'r Br., 9), and because substantial evidence in the record supports the ALJ's step three findings. (Comm'r Br., 9-10).

Because the court finds error in the step three determination regarding Listing 12.05(C), it recommends remand and will not specifically address plaintiff's arguments regarding step four. Nonetheless, the court would caution the Commissioner

that the Tenth Circuit has given detailed instruction regarding application of the step four inquiry; <u>Winfrey v. Chater</u>, 92 F.3d, 1017, 1023-26 (1996); and regarding application of the Medical-Vocational Guidelines where plaintiff has both exertional and nonexertional limitations on his capabilities.  <u>Channel v. Heckler</u>, 747 F.2d 577, 579-83 (10th Cir. 1984).  If, on remand, this case proceeds beyond the third step of the sequential evaluation process, the Commissioner would be well-advised to apply the Act and regulations as interpreted by the Tenth Circuit to his step four and step five evaluations.

**III. Evidence Submitted to the Appeals Council**

The regulations provide for consideration of new evidence presented to the Appeals Council.

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b)(§ 416.1470(b) is substantially identical).

The regulations also provide that

> If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and

> will advise you of your right to file a new application.

Id. §§ 404.976(b), 416.1476(b).  Where the Appeals Council accepts the new evidence and makes it a part of the administrative record, the court interprets those facts "as an implicit determination [plaintiff] had submitted qualifying new evidence for consideration." Martinez v. Barnhart, 444 F.3d 1201, 1207 (10th Cir. 2006).  Such evidence, made a part of the administrative record by the Appeals Council, will be considered by the court in its review of the Commissioner's decision. O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).

Here, plaintiff submitted evidence which was made a part of the administrative record by the Appeals Council.  (R. 11, 552-629).  Therefore, the court assumes that the evidence presented to the Appeals Council was new, material, and chronologically relevant evidence.  As plaintiff points out, the evidence submitted to the Appeals Council establishes that plaintiff has an IQ of 67.  (Pl. Br., 22-23)(citing (R. 564, 567, 571)).

**IV. Step Three Evaluation of Listing 12.05(C)**

If plaintiff's condition meets or equals the severity of a listed impairment, that impairment is conclusively presumed disabling.  Williams, 844 F.2d at 751; see Bowen v. Yuckert, 482 U.S. 137, 141 (1987) (if claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled").  However, plaintiff "has the burden at

step three of demonstrating, through medical evidence, that his impairments 'meet <u>all</u> of the specified medical criteria' contained in a particular listing." <u>Riddle v. Halter</u>, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in <u>Zebley</u>)).

Listing 12.05 provides, in relevant part:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period:  i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C.   A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.05.

Listing 12.05 is somewhat different than the other listings for mental disorders.  <u>Id.</u>, § 12.00(A).  The listing contains a diagnostic description of mental retardation (introductory paragraph) and four sets of criteria describing listing-level severity (Paragraphs A through D).  20 C.F.R., Pt. 404, Subpt. P, App. 1 §§ 12.00(A), 12.05(A-D).  There are four distinct ways in which a claimant may establish disability pursuant to listing

-9-

12.05.  Id.; McKown v. Shalala, No. 93-7000, 1993 WL 335788, *1 (10th Cir. Aug. 26, 1993).  To meet the listing, plaintiff must show that his condition satisfies both the diagnostic description of mental retardation and one of the four severity criteria.  Id., § 12.00(A).

The IQ scores in Listing 12.05 are based upon results of intelligence tests that have a mean of 100 and a standard deviation of 15.  20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.00(D)(6)(c).  Where an intelligence test provides verbal, performance, and full scale IQ scores, the lowest score of the three will be used when considering Listing 12.05(C).  Id.  If the claimant has an additional physical or mental impairment(s) which is "severe" within the meaning of 20 C.F.R. § 416.920(c), it will be considered to impose an additional and significant work-related limitation of function in accordance with Listing 12.05(C).  20 C.F.R., Pt. 404, Subpt. P, App. 1 § 12.00(A); see also, Hinkle v. Apfel, 132 F.3d 1349, 1352-53 (10th Cir. 1997) (reaching the same conclusion before the regulations were changed in 2000 to specify the equivalence between "severe" impairments and "additional and significant work-related limitation of function.")  Therefore, to meet Listing 12.05(C), a claimant must show:  (1) evidence of onset of mental retardation before age twenty-two, (2) a valid IQ score of 60 through 70, and (3) another severe impairment.

Here, the ALJ found plaintiff has severe impairments. (R. 31). Plaintiff presents evidence of an IQ score of 67. (R. 571). The Fourth, Eighth, and Eleventh Circuits have held that IQ is relatively constant throughout life and an IQ score after age twenty-two is evidence of an individual's IQ being the same before age twenty-two. Luckey v. Dep't of Health & Human Serv., 890 F.2d 666 (4th Cir. 1989)("in the absence of any evidence of a change in a claimant's intelligence functioning, it must be assumed that the claimant's IQ had remained relatively constant"); Sird v. Chater, 105 F.3d 401 (8th Cir. 1997)(citing Luckey); and Hodges v. Barnhart, 276 F.3d 1265, 1268-69 (11th Cir. 2001)(adopting a presumption that IQ remains constant absent evidence of a change in intellectual functioning).

The Tenth Circuit has not addressed the issue whether mental retardation may be presumed to have manifested during the developmental period. However, it has noted that circuit courts have liberally construed the early manifestation requirement whereby a claimant "is not required to affirmatively prove that he was mentally retarded prior to reaching the age of twenty two so long as there was no evidence that claimant's IQ had changed." McKown v. Shalala, No. 93-7000, 1993 WL 335788, at *3 (10th Cir. Aug. 26, 1993).

The Commissioner argues that the evidence presented to the Appeals Council does not establish that plaintiff has

"significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" (Comm'r Br., 11)(citing Listing 12.05); because "an IQ score in the range specified by the listing does not necessarily indicate listing-level mental retardation" (Comm'r Br., 10), and because the ALJ correctly determined that plaintiff has mild restrictions in activities of daily living, moderate difficulties in both social functioning and in maintaining concentration, persistence, and pace, and no episodes of decompensation--a level of mental functioning which "is not consistent with the level of deficits in adaptive functioning required to establish mental retardation under the listing." (Comm'r Br., 10).  There are several problems with the Commissioner's argument.

First, the Commissioner cites to no authority, medical or legal, for his assertion that mild restrictions in activities of daily living; moderate difficulties in both social functioning and in maintaining concentration, persistence, and pace; and no episodes of decompensation is a level of mental functioning which "is not consistent with the level of deficits in adaptive functioning required to establish mental retardation under the listing."  Second, the Commissioner's argument ignores the assumption that IQ remains relatively constant throughout life, and that an IQ of 70 or less after age twenty-two is some

-12-

evidence of an onset of mental retardation before age twenty-two. Finally, and perhaps most importantly, the argument fails to consider that the Commissioner's final decision does not account for the possibility that plaintiff's condition may meet Listing 12.05(C). Neither the ALJ nor the Appeals Council provided a rationale for determining plaintiff's condition does not meet or equal Listing 12.05(C). The Appeals Council found that the additional evidence did not provide a basis for changing the ALJ's decision. However, the "Notice of Appeals Council Action" explained only that Dr. Buss's reports would not provide a basis for changing the ALJ's decision, and made no mention whatever of the neuropsychological testing performed by the VA or the IQ score that was obtained in that testing.

The Commissioner argues that the ALJ did not fail to properly develop the record regarding IQ because "The ALJ cannot be expected to develop the record regarding impairments which are not alleged or identified in the record." (Comm'r Br., 13). So far as it goes, the Commissioner's argument is correct. But, the record the court must review contains evidence of plaintiff's IQ score of 67.

As the Commissioner's argument implies, the Social Security Act places a duty on the ALJ to fully and fairly develop the record as to material issues. <u>Baca v. Dep't of Health & Human Serv.</u>, 5 F.3d 476, 479-80 (10th Cir. 1993). The Tenth Circuit

has decided the "quantum of evidence a claimant must establish of a disabling impairment or combination of impairments before the ALJ will be required to look further." Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997).  Plaintiff must point to a substantial issue to be developed.  Id. at 1167.  "[T]he claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists.  When the claimant has satisfied his or her burden in that regard, it then, and only then, becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment."  Id.

Here, plaintiff points to record evidence sufficient to suggest a reasonable possibility that his condition meets or equals Listing 12.05(C).  It is the Commissioner's responsibility to develop the record, consider whether plaintiff's condition meets or equals the listing, and explain the rationale for his decision thereon.  This he did not do.  The Commissioner's argument implies that plaintiff may not assert error with regard to Listing 12.05(C) either because plaintiff did not specifically make that argument to the ALJ or the Appeals Council, or because he did not present the additional evidence to the ALJ.  Both arguments are foreclosed by precedent binding on this court.

The Supreme Court has ruled that a Social Security claimant need not present an issue to the Commissioner before raising that issue before the court in an action seeking judicial review of the Commissioner's decision.  Sims v. Apfel,  530 U.S. 103, 107-112 (2000).  In a decision relying upon Sims, the Tenth Circuit has held that a plaintiff seeking review of the Commissioner's decision need not preserve issues in the proceedings before the Commissioner or his delegates.  Hackett v. Barnhart,  395 F.3d 1168, 1176 (10th Cir. 2005).  Therefore, so long as the record contains evidence suggesting a reasonable possibility plaintiff's condition meets or equals Listing 12.05(C), the duty to develop the record arises, and plaintiff need not have made that argument to the Commissioner before bringing it before this court.

With regard to the fact that evidence regarding plaintiff's IQ was not before the ALJ, that fact is irrelevant to this court's review.  Evidence presented to the Appeals Council and made a part of the Administrative Record by the Council is "part of the administrative record to be considered when evaluating the [Commissioner's] decision for substantial evidence."  O'Dell v. Shalala, 44 F.3d 855, 859 (10th Cir. 1994).  In it's decision in O'Dell, the court noted that, "it would be better if a claimant presented all of his or her evidence at an earlier stage in the proceeding."  Id.  Nonetheless, based upon the regulations

promulgated by the Commissioner, the court recognized the Commissioner had "made an administrative decision to give a claimant a last opportunity to demonstrate disability before the decision becomes final," id.(citing 20 C.F.R. § 404.970(b)), and determined that a court will consider all the evidence in the administrative record in judicial review of the Commissioner's final decision.  Id.(citing 20 C.F.R. § 404.970(b)).

The evidence in the record establishes a reasonable possibility that plaintiff's condition meets or equals the severity of Listing 12.05(C).  But, the Commissioner did not develop the record to ascertain the full extent of plaintiff's condition with regard to the criteria of the listing, and did not explain why he found that plaintiff's condition does not meet or equal the severity of the listing.  Although the evidence presented to the Appeals Council does not establish conclusively that plaintiff's condition meets Listing 12.05(C), it meets plaintiff's step-three burden to present evidence that his condition satisfies the criteria of the listing.  This error requires remand for the Commissioner to properly evaluate at step three the severity of plaintiff's mental impairment with regard to Listing 12.05(C).

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and that JUDGMENT be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case to the

Commissioner for further proceedings in accordance with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review.  Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 22nd day of June 2007, at Wichita, Kansas.

                                              s/John Thomas Reid
                                              **JOHN THOMAS REID**
                                              **United States Magistrate Judge**