IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ALLEN D. SOVERNS, SR.,

        Plaintiff,

vs.                                **Case No. 06-4035-RDR**

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.

## MEMORANDUM AND ORDER

This is a social security action where plaintiff seeks review of the final decision of the Commissioner of Social Security denying disability insurance benefits and supplemental security income. This matter was referred to Magistrate Judge Reid for a report and recommendation. On June 22, 2007 the report and recommendation was filed with the court. The government has filed objections and the plaintiff has responded. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

Following denial of his applications for disability insurance benefits and supplemental security income, plaintiff requested and received a hearing before an administrative law judge (ALJ). The ALJ determined that plaintiff suffered from a combination of impairments that were severe but did not meet or equal the severity of any impairment in the Listing of Impairments. The ALJ found

that plaintiff was able to perform his past work as a security guard.  He further found, in the alternative, that plaintiff was able to perform other work existing in significant numbers in the national economy.  In sum, he concluded that plaintiff was not disabled.

Plaintiff requested review of the ALJ's decision and submitted additional medical evidence to the Appeals Council.  The additional evidence was received and considered, but the Appeals Council denied plaintiff's request for review.

In his report and recommendation, Magistrate Reid focused on the new evidence presented to the Appeals Council.  He found that the new evidence, which showed that plaintiff had an IQ of 67, established a reasonable possibility that plaintiff's condition met or equaled Listing 12.05(C).  He further determined that the Commissioner had not developed the record to ascertain the full extent of plaintiff's condition with regard to the criteria of the listing, and did not explain why he found that plaintiff did not meet or equal the severity of the listing.  Accordingly, he recommended that the Commissioner's decision be reversed and remanded to properly evaluate the severity of plaintiff's mental impairment with regard to Listing 12.05(C).

The government objected to the magistrate's report and recommendation.  The government contended that the magistrate had failed to require plaintiff to satisfy his burden of proof and

failed to apply the deferential substantial evidence standard of review.  The government suggested that the evidence submitted to the Appeals Council supported the ALJ's finding that plaintiff did not meet Listing 12.05(C).

## II.

"De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." Summers v. State of Utah, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted).  Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law.  See Campbell v. United States District Court for the Northern District of California, 501 F.2d 196, 206 (9th Cir.), cert. denied, 419 U.S. 879 (1974).

The district court has considerable judicial discretion in choosing what reliance to place on the magistrate's findings and recommendations.  See Andrews v. Deland, 943 F.2d 1162, 1170 (10th Cir. 1991).  When review is de novo, the district is "'free to follow . . . or wholly ignore'" the magistrate judge's recommendation, but it "'should make an independent determination of the issues'" without giving "'any special weight to the prior'" recommendation.  Id. at 1170 (quoting Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1464 (10th Cir. 1988)).  In short, the district court may accept, reject, or modify the magistrate's

findings, or recommit the matter to the magistrate with instructions. See 28 U.S.C. § 636(b)(1)(C).

"We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. It requires more than a scintilla, but less than a preponderance. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004). "We consider whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's." Hackett, 395 F.3d at 1172 (internal citations omitted).

### III.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2004); Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). This twelve-month duration requirement applies to the claimant's inability to engage

4

in any substantial gainful activity, and not just his underlying impairment.  Barnhart v. Walton, 535 U.S. 212, 218-19 (2002).

"The Commissioner is required to follow a five-step sequential evaluation process to determine whether a claimant is disabled." Hackett, 395 F.3d at 1171.  "The claimant bears the burden of establishing a prima facie case of disability at steps one through four."  Id.  Step one requires the claimant to demonstrate "that he is not presently engaged in substantial gainful activity."  Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).  At step two, the claimant must show "that he has a medically severe impairment or combination of impairments."  Id.  At step three, if a claimant can show that the impairment is equivalent to a listed impairment, he is presumed to be disabled and entitled to benefits.  Williams, 844 F.2d at 751.  If a claimant cannot meet a listing at step three, he continues to step four, which requires the claimant to show "that the impairment or combination of impairments prevents him from performing his past work."  Grogan, 399 F.3d at 1261.

"If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient RFC [residual functional capacity] to perform work in the national economy, given her age, education, and work experience."  Hackett, 395 F.3d at 1171.  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."

5

Williams, 844 F.2d at 750.

At step three, the determination is made "whether the impairment is equivalent to one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Williams, 844 F.2d at 751; 20 C.F.R. §§ 416.920(d), 404.1520a(d). "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits." Williams, 844 F.2d at 751. To show that an impairment or combination of impairments meets the requirements of a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment. See 20 C.F.R. §§ 404.1525, 416.925 (2006).

Listing 12.05, the listing category for mental retardation, begins with an introductory paragraph, which states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05. The listing further provides that the "required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied." Id. Subsection C requires a claimant demonstrate "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and

6

significant work-related limitation of function." Id. at § 12.05(C). Section 12.00A states in pertinent part that "[l]isting 12.05 contains an introductory paragraph with the diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, we will find that your impairment meets the listing." Id. at § 12.00A (emphasis added).

A claimant's burden under Listing 12.05(C) is twofold: "[a] valid verbal, performance, or full scale IQ of 60 through 70;" and (2) "a physical or other mental impairment imposing additional and significant work-related limitation of function." See Hinkle v. Apfel, 132 F.3d 1349, 1351 (10th Cir. 1997).

IV.

Here, there is no dispute that plaintiff met the aforementioned requirements. Moreover, there is no dispute that the ALJ failed to discuss the application of Listing 12.05(C). Concerning mental impairments, he noted only that plaintiff failed to meet the criteria under Listing 12.01. The ALJ failed to develop the record concerning the application of Listing 12.05(C). The Appeals Council accepted the new evidence offered by the plaintiff on review and affirmed the ALJ without any additional discussion of Listing 12.05(C).

This case has substantial similarities to Peck v. Barnhart,

214 Fed.Appx. 730 (10th Cir. 2006).  In Peck, plaintiff presented evidence she had an IQ of 70 and suffered from other severe physical impairments.  214 Fed.Appx. at 734.  Nevertheless, the ALJ failed to consider the application of Listing 12.05(C).  On appeal, plaintiff argued that she was entitled to disability benefits because she met the requirements of Listing 12.05(C).  The Commissioner contended plaintiff had failed to meet her burden under Listing 12.05(C) because there was no evidence that plaintiff met the capsule definition of mental retardation.  Id. at 736.  The Tenth Circuit rejected that argument because the ALJ had not reached any determination on whether plaintiff met the capsule definition.  Id.  The Court stated:

> The Commissioner's argument ignores our ruling in Clifton [v. Chater, 79 F.3d 1007 (10th Cir. 1996)] where we held we can only review ALJ decisions that make specific findings on the facts of the case.  See 79 F.3d at 1009-10.  If Peck does not meet the capsule definition, then the ALJ must make that determination in the first instance.

Id.

The Commissioner in Peck argued in the alternative that the ALJ's failure to make findings on Listing 12.05(C) was harmless error because the evidence showed conclusively that plaintiff did not indicate the presence of deficits in adaptive functioning before the age of 22.  Id.  The Tenth Circuit also rejected this argument, concluding that the ALJ had made no findings on mental retardation and, therefore, remand was necessary.  Id. at 736-37.

The court is faced with a situation much like that in <u>Peck</u>. The ALJ failed to make any findings concerning mental retardation. The facts cited by the Commissioner, much like those raised in <u>Peck</u>, may cut against a finding that plaintiff satisfied the capsule definition, but they by no means conclusively resolve the question one way or the other. There is some evidence in the record pointing to deficits in adaptive functioning by plaintiff before the age of 22, although the court recognizes that it is limited. The record reflects that plaintiff had "trouble staying in school." He only attended school until the tenth grade. He then joined the military and "could not adjust." He was released early from his commitment. He was married when he was young but the marriage was very brief. He also had a history of alcohol abuse when he was young. With this evidence and the failure of the ALJ to produce any discussion or findings on Listing 12.05(C) or to develop the record on this issue, we must conclude that remand is necessary so the ALJ can determine whether plaintiff has an impairment that meets or equals Listing 12.05(C). Accordingly, we shall overrule and deny the objections filed by the Commissioner and affirm the report and recommendation of the magistrate.

**IT IS THEREFORE ORDERED** that the objection to the magistrate's report and recommendation is denied. The magistrate's report and recommendation is hereby affirmed and the Commissioner's decision is reversed and remanded. Judgment shall be entered pursuant to

the fourth sentence of 42 U.S.C. § 405(g) remanding the case to the Commissioner for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2007 at Topeka, Kansas.

>                    s/Richard D. Rogers
>                    United States District Judge